ANTHONY FOX, Respondent, *v.* JAMES TOOKE *et al.*, Appellants.

*Husband and Wife—Separate Estate.*—In a suit to charge the separate estate of a married woman, she cannot appear and defend by attorney; and if she do thus appear, the judgment will be reversed for error. (Claflin v. Van Wagoner, 32 Mo. 252, affirmed.)

### Appeal from St. Louis Land Court.

*W. C. Huffman* and *A. Martin*, for appellants.

This is an action for the purpose of enforcing a claim against the separate estate of a married woman. She is a necessary party to such an action. She appears and defends by attorney. According to the decision of Claflin v. Van Wagoner et al., (32 Mo. 252,) she can only appear and defend by her next friend. The judgment is, therefore, erroneous, in being rendered against a person who is under disability.

The answer is not the answer of Mrs. Tooke. The attorneys there had no right to represent her, and the court could render no judgment either by default or otherwise against Mrs. Tooke, until there was some party upon the record who appeared for her, since she could not appear by herself or by attorney.

*E. T. Farish*, for respondent.

A reversal is asked under the decision of Claflin v. Van Wagoner, (32 Mo. 252,) because Mrs. Tooke did not defend by next friend, a point which was never thought of or passed upon below, and cannot now be raised here. (Vide Art. XIV., § 3, p. 1300, R. C. 1855.) "No exceptions shall be taken in an appeal or writ of error to any proceedings in the Circuit Court, except such as shall have been expressly decided by such court.

The spirit and reason of this law is not founded upon the idea of any waiver of errors, but is owing to the nature and organization of the court. The Supreme Court, in

33—VOL. XXXIV.

matters brought within its jurisdiction by appeal or writ of error, is a revisory court, and cannot inquire into any proceedings of the court below, unless it appear that objections were taken to such proceedings. The fact that Mrs. Tooke was a married woman does not help the matter or authorize this court to intervene. Married women, with separate estate, are " *sui juris* " for nearly every purpose connected with their property; in fact, were under the power of no one.

BATES, Judge, delivered the opinion of the court.

The judgment in this case was rendered against a married woman to charge her separate estate. She appeared and answered only by attorney. This was manifest error. (Claflin v. Van Wagoner, 32 Mo. 252.) The respondent insists that exception cannot be here taken to that error, because the point was not expressly decided in the lower court. In this case, as it appeared upon the record that she was a married woman, we think that it was the duty of the court below to see that she appeared by a proper person, even though she herself neglected to appear properly. For the manifest error, the judgment must be reversed and the cause remanded.

Judges Bay and Dryden concur.